BUSINESS MEN'S ASSURANCE COM-PANY OF AMERICA, Plaintiff,

v.

NORTHERN CALIFORNIA VENEER, INC., a corporation, Defendant-Appellee,

and

Dorothy M. Burke, Defendant-Appellant.

No. 25235.

United States Court of Appeals, Ninth Circuit.

Dec. 28, 1971.

---

* The Honorable William M. Byrne, Senior District Judge, Central District of California, sitting by designation.

David C. Landis (argued), of Gearin, Hollister & Landis, Theodore D. Lachman, Portland, Or., for defendant-appellant.

Robert L. Allen (argued), James L. Sutherland, of Morrison & Baily, and Curtis W. Cutsforth, of King, Miller, Anderson, Nash & Yerke, Portland, Ore., for plaintiff-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and SMITH, District Judge.*

## PER CURIAM:

Business Men's Assurance Company brought this interpleader action for distribution of the proceeds from an insurance policy on the life of Robert Burke. Federal jurisdiction was founded on di- versity of citizenship. The claimants are Northern California Veneer, Inc. (Norcal), a creditor of the insured, and Dorothy Burke, widow of the insured.

The district court found that the policy had been purchased for the protection of Burke's business creditors and that its proceeds were held in trust by Mrs. Burke for the benefit of Norcal, to the extent of Burke's business debt to Norcal. We affirm.

In 1967 Mr. Burke operated a small business from an office in his home. He had obtained a government contract to furnish bomb crates to the Navy, but his weak financial position hampered acquisition of lumber for the crates. He asked assistance of a friend, E. W. Moore, president of Norcal. They agreed that Norcal would purchase lumber on its credit and then invoice it to Burke.

Norcal initially granted Burke an $8,000 line of credit. When Burke needed additional credit, he and Moore agreed that he should purchase life insurance to secure the debt. At Norcal's suggestion, Burke bought a $60,000 decreasing term key man insurance policy through H. G. Horn, regional manager of Business Men's Assurance Company.

After Burke informed Horn that Mrs. Burke handled his invoicing and office work, Horn listed her as the named beneficiary. Horn, Burke and Norcal all understood that she was to satisfy Burke's debts with the policy proceeds.

The business arrangement progressed smoothly until April 1968, when Burke died in an automobile accident. At that time his debt to Norcal was $13,664.19. His estate was insolvent and Norcal looked to Mrs. Burke for payment. She denied knowledge of the security arrangement and claimed the proceeds of the policy, $58,547.79, for herself.

The district court found that Mr. Burke had intended to have his wife hold the insurance proceeds in trust for the benefit of Norcal to cover the sums

* Hon. Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

he owed Norcal when he died. The court also found that Mrs. Burke was aware of her husband's intention.

These findings find ample support in the record. Burke unquestionably acquired this insurance as security for his business indebtedness. Mrs. Burke was closely conversant with the details of her husband's business. She knew that he had bought the policy at the time that Norcal increased his line of credit. She knew his financial position was shaky. And there was testimony indicating that Burke had explained the arrangement to her.

 The district court held that these facts established an express trust under Oregon law, which governs in this diversity action. The Oregon Supreme Court has said that conduct clearly revealing the grantor's intention can create an express trust. Belton v. Buesing, 240 Or. 399, 402 P.2d 98 (1965). We agree with the district court that this requirement is satisfied here. Alternatively, the judgment could be supported on the theory of constructive trust. Belton v. Buesing, supra.

Affirmed.

Chambers, Circuit Judge, dissented and filed opinion.